## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| **JOSEPH MCCLURE, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b),** | **Civil Action No. _____** |
| *Plaintiff*, | |
| v. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **ROCKY MOUNTAIN CASING CREWS, INC. & GERALD LAPP, individually,** | |
| *Defendants*. | |

### I.    PRELIMINARY STATEMENT OF FACTS

Plaintiff Joseph McClure ("Plaintiff") brings this collective and class action individually, on behalf of those similarly situated, and on behalf of the proposed Rule 23 North Dakota Class Members to recover overtime compensation from his former employers, Rocky Mountain Casing Crews, Inc. ("RMCC") and Gerald Lapp (collectively, "Defendants"), and in support shows as follows:

1.    Defendants have been involved in oilfield casing services in oilfields throughout the United States over the last three years. Defendants employ non-exempt employees to directly and indirectly provide Defendants' casing and other services to Defendants' customers ("Casing Employees" or "CEs"), but Defendants fail to provide them proper overtime as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2.    Casing Employees regularly work in excess of 40 hours per workweek. Defendants violated the FLSA by failing to count all hours worked and failing to pay an overtime premium for all overtime hours worked.  Specifically, for some types of work,

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          **Page - 1**

Defendants paid CEs based on the quantity of work performed.  This quantity of work/piece rate basis of pay included, but may not be limited to the following:

- Payments made on a per-foot-of-pipe-laid basis ("Pipe-Laid Pay") for "longstring" work;

- Payments made on a per-job basis ("Per-Job Pay") for "short string" work;

- Payments made based on a piece rate, per-job, or per-assignment basis.

3.     The hours worked by CEs on tasks paid under Defendants' piece rate system were not counted in the total hours worked each workweek and no overtime premium was paid for these hours ("Uncounted Hours Policy").  The categories of time Defendants failed to accurately track and pay for under this policy include, but may not be limited to:

- Time spent performing tasks which were paid on a Pipe-Laid Pay basis;

- Time spent performing tasks which were paid on a Per-Job basis;

- Time spent driving between work sites in a day;

- Time spent reporting to work locations where no work was performed that day;

- Time spent performing other work duties which were paid on a piece rate, per-job, or per-assignment basis;

Because Defendants did not accurately track and pay for all hours worked, including overtime hours, Defendants violated the FLSA by failing to pay CEs overtime compensation for all hours worked in excess of 40 per workweek.

4.     Defendants also violated the FLSA by failing to include all required remuneration into CEs' regular rate of pay to calculate overtime for the overtime hours reported by CEs. The payments erroneously excluded from the regular rate of pay (collectively, "Additional Pay"), include, but may not be limited to:

- Non-discretionary bonus pay;

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          **Page - 2**

- Pipe-Laid Pay;

- Per-Job Pay;

- Pay based on a piece rate, per-job, or per-assignment basis.

Defendants' failure to include any of this Additional Pay into CE's regular rate to calculate and pay overtime ("Overtime Miscalculation Policy") violated the FLSA.

5.       Plaintiff files this collective and class action lawsuit pursuant to the FLSA; North Dakota Century Code 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin Code § 46-02-07-01 *et seq.*) (collectively, "ND Wage Law").

## II.       PARTIES

6.       Plaintiff is a resident of North Dakota and worked as a Casing Employee for Defendants during the relevant statutory periods. His consent to participate is attached as an Exhibit.

7.       Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA. The "FLSA Class Members" consist of Defendants' current and former CEs who have worked for Defendants in the United States within three years of this filing who (1) were paid their regular rate and no overtime premium for overtime hours, and/or (2) whose regular rate of pay did not include all required remuneration in the regular rate of pay.  This definition includes, but is not limited to, CEs who were subject to the Uncounted Hours Policy and/or the Overtime Miscalculation Policy as defined above.

8.       Plaintiff also brings this action as a Rule 23 class action pursuant to North Dakota Wage Law. The ND Class Members consist of Defendants' current and former workers who (1) were paid their regular rate and no overtime premium for overtime hours, and/or (2) whose regular rate of pay did not include all required remuneration in the regular rate of pay.  This

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                      **Page - 3**

definition includes, but is not limited to, CEs who were subject to the Uncounted Hours Policy and/or the Overtime Miscalculation Policy as defined above.

9.      Defendant Rocky Mountain Casing Crews, Inc. is a Wyoming Corporation that operates in North Dakota from its Williston, ND location that may be served through its registered agent CT Corporation System, 314 E. Thayer Avenue, Bismarck, ND 58501, or wherever it may be found.

10.     Defendant Gerald Lapp was the sole owner, president and director of RMCC during all relevant times and may be served at 1118 Divide Street, Rock Springs, WY 82901, or wherever he may be found.

### III.      JURISDICTION AND VENUE

11.     This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

12.     This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendants. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

13.     Venue is proper in the District Court of North Dakota because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more of the parties resides in this District.

### IV.      COVERAGE FACTS

14.     At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

15.     At all times hereinafter mentioned, Defendants were employers or joint employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and North Dakota Wage Law.

16.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

17.     Defendants operate or have operated in interstate commerce, by among other things, dispatching labor and equipment to states including North Dakota and Montana.

## V.     ADDITIONAL FACTUAL ALLEGATIONS

18.     Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings his collective action allegations individually and on behalf of those similarly situated.

19.     Defendants have been involved in oilfield casing services in oilfields throughout the Williston Basin over the last three years.  Defendant Gerald Lapp was the sole owner, director and president of RMCC during the relevant time period. During all relevant times, Gerald Lapp exerted operational control over RMCC's business operations, including among other things, making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules.

20.     Defendants employed CEs to directly and indirectly provide Defendants' casing and other services to Defendants' customers. For some types of work, Defendants paid CEs based on the quantity of work performed. This quantity of work/piece rate basis of pay included, but may not be limited to, payments made on a per foot of pipe laid basis for "longstring" work (Pipe-Laid Pay) and per job basis for "short string" work (Per-Job Pay).

21.     Casing Employees routinely worked in excess of 40 hours per workweek, but were not paid in compliance with the Fair Labor Standards Act. Defendants violated the FLSA

by paying them pursuant to the (1) Overtime Miscalculation Policy that failed to incorporate Additional Pay into CEs' regular rate of pay to calculate overtime; and (2) Uncounted Hours Policy that failed to pay CEs an overtime premium for all overtime hours worked.

22.      Plaintiff and the Class Members are entitled to receive overtime pay for all hours worked in excess of 40 hours per workweek. Defendants knew of the FLSA's overtime requirements, but chose not to pay Plaintiff or the FLSA Class Members overtime in compliance with the law despite having knowledge that they regularly worked over 40 hours per week. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and the FLSA Class Members proper overtime compensation.

## VI.      COLLECTIVE ACTION ALLEGATIONS

23.      Plaintiff and the FLSA Class Members performed the same or similar job duties. Specifically, they all directly or indirectly helped provide Defendants' casing and other services to Defendants' clients. Plaintiff and the FLSA Class Members were also subjected to the same illegal pay provisions: The Uncounted Hours and Overtime Miscalculation Policies that respectively failed to pay Casing Employees (1) overtime for all hours worked in excess of 40 per workweek, and (2) one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

24.      Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members.  Thus, Plaintiff's experience is typical of the experience of the Class Members.  All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for

hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiff and the Class Members.

## VII.    CLASS ACTION ALLEGATIONS

25.     Plaintiff incorporates all allegations previously made in this Complaint.

26.     Plaintiff brings his class action on behalf of the ND Class Members.

27.     The ND Class Members are so numerous that their joinder is impracticable. While the precise number of the ND Class Members is unknown, at least 100 Casing Employees worked at least one workweek of more than 40 hours within the relevant statutory period in or out of North Dakota within the past two years.

28.     Common questions of law and fact for the ND Class Members predominate over any questions affecting any individual member, including:

a.     Whether Defendants violated applicable ND Wage Law by failing to pay the Rule 23 Class Members overtime compensation for all hours worked in excess of forty in an individual workweek;

b.     Whether Defendants violated applicable State Wage Law by failing to incorporate all required remuneration, including but not limited to Additional Pay, to calculate overtime for the ND Class Members;

c.     The proper measure of damages sustained by ND Class Members;

d.     Whether Defendants should be enjoined for such violations in the future.

29.     Plaintiff 's claims are typical of those of the ND Class Members. He and the ND Class Members (1) were responsible for directly or indirectly helping to provide Defendants' casing and other services to Defendants' clients; (2) worked over 40 hours in at least one workweek in North Dakota over the last two years; (3) were not paid overtime for all overtime

hours worked; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all of their overtime work.

30.     Plaintiff will fairly and adequately protect the ND Class Members' interests and has retained counsel experienced in complex wage and hour class action litigation.

31.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

32.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## VIII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

33.     During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of

pay. Defendants have acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## IX.    COUNT 2: VIOLATION OF NORTH DAKOTA WAGE LAW

34.    Plaintiff and the ND Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.D. Admin. Code § 46-03-01-01. During the relevant time period, Defendants violated and continue to violate ND Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the ND Class Members have suffered and will continue to suffer from a loss of income and other damages.  Plaintiff and the ND Class Members are entitled to their unpaid wages, prejudgment interest, and all costs in bringing this action that are recoverable under North Dakota Law.

## X.    RELIEF SOUGHT

35.    WHEREFORE, Plaintiff, on behalf of himself and the FLSA Class Members, pray for relief against Defendants as follows in regards to their FLSA collective action claims:

a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d.    For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    **e.**      For an Order granting such other and further relief as may be necessary and appropriate.

36.     WHEREFORE, Plaintiff, individually and on behalf of the ND Class Members,

pray for relief against Defendants as follows in regards to their class action complaint:

    a.      For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under applicable ND Wage Law, and for designation of Plaintiff's counsel as class counsel;

    b.      For Judgment that Defendants violated relevant ND Wage Law by failing to pay Plaintiff and the Rule 23 Class Members overtime compensation;

    c.      For an Order awarding Plaintiff and the applicable Rule 23 Class Members all unpaid overtime compensations, prejudgment interest and all available penalty wages under applicable State Wage Law;

    d.      For all costs incurred prosecuting this claim, as allowed by law; and

    e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


*/s/ Jack Siegel*

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.4overtimelawyer.com

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**JAY FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325

Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing document will be served on

Defendants with Plaintiff's Original Complaint and Summons.


*/s/ Jack Siegel*                                   
**JACK SIEGEL**